IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHADNEY JERMAINE BROWN                                                                    PLAINTIFF

versus                                                                      CIVIL ACTION NO. 2:04cv387-KS-MTP

CHRISTOPHER EPPS, *et al.*                                                              DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to comply with the court's order [21] dated May 3, 2006 directing plaintiff to pay the Clerk of Court the required $150 filing fee. The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed his complaint pursuant to 42 U.S.C. § 1983 in November of 2003 and is proceeding *pro se* and *in forma pauperis*. Having considered the complaint along with documents made a part of the record of this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

By way of Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

After plaintiff's *in forma pauperis* status was revoked by the court[2], the District Judge entered an order on May 3, 2006 [21], directing the plaintiff to pay the required $150 filing fee to the Clerk of Court within thirty (30) days. Plaintiff was warned that failure to pay the filing fee would result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41 (b). As of November 28, 2006 (over six months later), the plaintiff has not complied with the court's order and his failure to comply in a timely manner is deemed purposeful and contumacious and warrants dismissal.

## RECOMMENDATION

As the plaintiff has failed in his obligation to prosecute his case and to comply with the court's order, it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and consistent with this court's order of May 3, 2006 [21].

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[2] Plaintiff conceded at a screening hearing conducted before United States Magistrate Judge Robert H. Walker on August 11, 2005 that he has, on not less than three occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted.

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

       THIS, the 29th day of November, 2006.

                                      s/ Michael T. Parker  
                                      United States Magistrate Judge